IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHELBY LEONARD,

    Petitioner,

vs.                                        No. CIV 01-1366 BB/LCS

TIM LEMASTER,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed January 11, 2002 (*Doc. 8*); Petitioner's Motion for Reconsideration of Court's 01/14/02 Order Denying Motion for Appointment of Counsel filed January 23, 2002 (*Doc. 13*); Petitioner's Motion for an Evidentiary Hearing filed March 27, 2002 (*Doc. 17*); and Petitioner's Second Motion for Appointment of Counsel filed March 28, 2002 (*Doc. 18*). Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), its standards apply to this case. *See, e.g., Paxton v. Ward*, 199 F. 3d 1197, 1204 (10th Cir. 1999). All of the issues can be resolved on the record, such that an evidentiary hearing is unnecessary. *See, e.g., Trice v. Ward*, 196 F. 3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 121 S. Ct. 93 (2000); Rule 8(a), Rules Governing Habeas Corpus Under Section 2254. The Court, having considered the submissions of the parties, record, relevant law, and being otherwise fully informed

1

makes the following proposed findings:

## PROPOSED FINDINGS

1.  This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, filed December 3, 2001. Respondents filed their Motion to Dismiss on January 11, 2002. (*Doc. 8*). As grounds for federal habeas review, Leonard asserts he was denied a competency hearing and that his plea was involuntary.

2.  During his pre-trial confinement, the Petitioner filed a *pro se* petition for writ of habeas corpus challenging the conditions of his confinement on April 13, 2000. (Ex. D to Answer). He specifically called to be examined twice a week for mental health counseling or treatment. After undergoing a forensic evaluation, it was determined that he experienced acute anxiety, depressed suicidal ideation, possible assaultive tendencies, situational stress due to alcoholism and/or street drug use, mental confusion, and antisocial attitudes. (Ex. C to Answer). The doctor concluded that Leonard was in need of hospitalization. The court, therefore, ordered the transport of Leonard to the Las Vegas Medical Center to be treated for chronic mental health dysfunction. (Ex. C to Answer).

3.  Three months later, Leonard pled no contest pursuant in a plea and disposition agreement to the following counts: contributing to the delinquency of a minor; issuance of worthless checks over $25; and failure to appear. (Ex. G to Answer). The district judge approved the plea agreement and concluded that the Defendant's plea was knowing and voluntary, that the Defendant understood the charges, the range of possible sentences, and the constitutional rights which he abdicated, including his right to appeal, and that the Defendant was guilty and not mentally ill. (Ex. G to Answer). Leonard was sentenced to a term of nine years imprisonment and

five years supervised release pursuant to a Judgment, Sentence, and Commitment filed July 28, 2000. (Ex. H to Answer). The Petitioner is currently incarcerated in the New Mexico State Penitentiary and is proceeding *pro se*.

4.      On January 24, 2001, Leonard filed a writ of habeas corpus petition with the state. (Ex. N to Answer). In that petition, the Petitioner argued that the court never held a competency hearing and that his plea was not voluntary. (Ex. N to Answer). One month later, the district court summarily dismissed his petition and stated that "[i]t plainly appears from the face of the Petition, the annexed exhibits, and the prior proceedings in the case that Petitioner is not entitled to relief." (Ex. O to Answer). Leonard subsequently filed his petition with the Supreme Court of New Mexico asserting the same arguments. (Ex. P to Answer). After a court mandated briefing, the court summarily denied the Petitioner's petition for writ of certiorari. (Ex. AA to Answer).

5.      The Petitioner then filed an Application for Writ of Habeas Corpus in federal court pursuant to 28 U.S.C. §2254. (*Doc. 1*). In that Application, Leonard raises two claims. His first claim alleges he was not given an competency hearing. The second claim asserts that his plea was involuntary.

## **Right to a Competency Hearing**

6.      The Petitioner first argues that because he exhibited signs of instability and mental illness, the court was constitutionally required to hold a competency hearing.[1] Specifically, the Petitioner refers to the Order of Hospitalization issued by the district court. (Ex. C to Answer).

---

[1] I recognize that this issue is properly before the court. Although the Petitioner relinquished his right to appeal within his plea agreement, he did raise this issue within his state habeas corpus petitions. *See Nguyen v. Reynolds*, No. 96-5254, 1997 WL 693685, at *4 (10th Cir. Nov. 7, 1997); *see also Sena v. New Mexico State Prison*, 109 F.3d 652, 654 (10th Cir. 1997) (addressing merits of § 2254 substantive due process claim that petitioner, at time he entered guilty plea, was incompetent to stand trial).

3

Leonard argues that because the court was aware of the Petitioner's mental condition as set forth in that order,[2] the court should have held a competency hearing to determine whether he was competent to stand trial or enter a plea.

7. The issue presently before the Court is whether in light of the information available to the trial court, "the [court's] failure to make further inquiry into petitioner's competence to stand trial denied [the Petitioner] a fair trial." *Drope v. Missouri,* 420 U.S. 162, 174-75 (1975). An incompetent person may not be tried, nor may an incompetent person enter a guilty plea. *See Pate v. Robinson*, 383 U. S. 375, 378 (1966); *see also Godinez v. Moran*, 509 U.S. 389, 396-97 (1993). In order to be competent, a defendant must have sufficient present ability "to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *United States v. Williams*, 113 F.3d 1155, 1159 (10th Cir. 1997) (citing *Drope,* 420 U.S. at 171). More succinctly, to be judged competent to stand trial, "the test must be . . . whether [the defendant] has sufficient *present ability* to consult with his lawyer with a reasonable degree of rational understanding --- and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Williams*, 113 F.3d at 1159(citing *Dusky v. United States,* 362 U.S. 402, 402 (1960) (emphasis added)). The competency standard for pleading guilty or waiving right to counsel is the same as the competency standard for standing trial; it is not a higher standard. *See Godinez v. Moran*, 509 U.S. 389, 396-97 (1993).

8. A competency determination is necessary, however, only when a court has reason to doubt the defendant's competence. *See Godinez v. Moran*, 509 U.S. at 402 (citing *Drope,* 420

---

[2] The Order stated that Leonard experienced acute anxiety, depressed suicidal ideation, possible assaultive tendencies, situational stress due to alcoholism and/or street drug use, mental confusion, and antisocial attitudes. (Ex. C to Answer).

U.S. at 171). "Due process requires a trial court to conduct a competency hearing *sua sponte* whenever the 'evidence raises a bona fide doubt as to the defendant's competence to stand trial.'" *Coleman v. Saffle,* 912 F.2d 1217, 1224 (10th Cir.1990), *cert. denied* 491 U.S. 1053 (1990) (quoting *Pate v. Robinson,* 383 U.S. 375, 385-87 (1966)). Factors relevant to issue of competency include evidence of defendant's irrational behavior, defendant's demeanor at trial and any prior medical opinion on his competence to stand trial. *See Drope*, 420 U.S. at 180. This court, on federal habeas review, may not look beyond the information before the state trial judge. *See James v. Singletary*, 957 F.2d 1562, 1571 n. 13 (11th Cir. 1992). Therefore, the question before me is whether a reasonable judge should have experienced doubt with respect to the Petitioner's competency to stand trial. *See United States v. Crews*, 781 F.2d 826, 833 (10th Cir. 1986). There must be some evidence to create doubt on the issue, simply raising it is not enough. *See id.* Moreover, with no competency determination before me, my review is not limited by the clearly erroneous standard but is comprehensive. *See id.*

9. Leonard contends the trial court was aware of his mental illness and that the judge agreed he was in need of treatment. Specifically, Leonard points to the Stipulated Order for Treatment and Hospitalization. (Ex. C to Answer). The order stated that "the Defendant has undergone a forensic evaluation performed by Dr. Raiman Johnson who has determined that the Defendant is experiencing acute anxiety state, depressed suicidal ideation, possible assaultive tendencies, situational stress due to alcoholism and/or street drug use, mental confusion, and antisocial attitudes and is need for hospitalization." (Ex. C to Answer). The Petitioner does not refer to any other evidence and/or affidavits relating to his competency at the time of the plea hearing. Therefore, a review of the record proper indicates there were insufficient facts before

5

the trial judge to create a doubt as to Leonard's competency.

10. The forensic evaluation which was brought to the trial judge's attention three months prior to Leonard's plea hearing, does not rise to the level of a "bona fide doubt" as to the Petitioner's competency prior to his plea hearing especially in light of the factors involved in competency determination. There is nothing within this evaluation that would jeopardize the Petitioner's ability to understand the nature of the proceedings and the factual charges or his ability to assist his attorney in his defense. In addition, there were no other evaluations, affidavits, or testimony that support the forensic evaluation. Nor were there any indications at the time of Leonard's appearance before the court for his plea hearing that would demonstrate incompetence. A review of the audiotapes of Leonard's plea hearing indicates that Leonard stated that he understood the summary of the plea itself, that he understood the possible sentence, and that he understood restitution. The court recessed while the parties further negotiated the plea agreement. Thereafter, the court asked Leonard if he understood the proposed changes in the sentencing agreement. The court asked Leonard if he understood the penalty for violation of probation and if he understood the sentencing range. Leonard stated that he did. The court explained each of the constitutional rights that Leonard was waiving and asked Leonard if he understood them and the consequences of his waiver. Again, Leonard stated that he did. The Court asked Leonard if he still wanted to waive his rights and proceed with the plea agreement. Leonard stated that he wanted to proceed. Throughout the extensive colloquy with the court, Leonard was articulate and expressed his understanding and assent to the terms. Leonard denied that he was under the influence of any narcotic drug, alcoholic beverage, controlled substance or any medication which might affect his competency. (Tape No. 2271, CR 99-317, Change of Plea,

6

July 11, 2000, 2 of 2).

11.     Under these circumstances, a reasonable judge would not have experienced doubt with respect to Leonard's competency. Therefore, a competency hearing was not required. *See Godinez v. Moran*, 509 U.S. at 402 (citing *Drope,* 420 U.S. at 171). Leonard's due process rights were not violated when the trial court declined to hold a hearing on the issue of his competency.

### Ineffective Assistance of Trial Counsel

12.     Because Leonard's attorney never moved for the trial court to hold a competency hearing, the Petitioner's right to a competency hearing can also be interpreted as an ineffective assistance of counsel claim.[3]

13.     In order to establish that he received ineffective assistance in violation of the Sixth Amendment, a defendant must show that: (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by such deficient performance. *See Strickland v. Washington*, 466 U. S. 668, 687 (1984 ). To show his counsel was constitutionally deficient, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness. *See id.* at 688. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See id.* at 690. In order to demonstrate prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.*

---

[3]     Although the Petitioner has not presented this issue in a state habeas corpus petition, federal courts may deny the claim on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. §2254(b)(2).

694.

14. The Strickland inquiry is "'highly deferential' to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F. 3d 1362, 1367 (7th Cir. 1997). A fair assessment of attorney performance requires a reviewing court "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U. S. at 689. Moreover, ineffective assistance of counsel claims may be resolved on either performance or prejudice grounds alone. *See Hatch v. Oklahoma*, 58 F. 3d 1447, 1457 (10th Cir. 1995), *cert. denied*, 474 U.S. 1073 (1986).

15. Assuming counsel's performance was constitutionally deficient in failing to move for a competency hearing, the Petitioner must also prove he was prejudiced by his counsel's deficient performance. Mr. Leonard's claim revolves around his trial counsel's failure to file a motion for an evidentiary hearing on Defendant's competency. However, because I have evaluated the underlying issue of whether the trial court erred in not providing an evidentiary hearing, this issue is moot. Even if the Petitioner's attorney filed a motion for an evidentiary hearing, the court would have been correct in denying it. Therefore, the proceedings were not prejudiced by trial counsel's failure to file a motion for an evidentiary hearing.

### **Involuntary Plea**

16. Mr. Leonard argues that his plea was not voluntary. He specifically contends that because he suffers from bipolar disorder, post traumatic stress disorder, attention deficit disorder, and borderline personality disorder, his plea was obtained unlawfully and not made voluntarily. The Petitioner claims that without medication and psychiatric care, his clarity of thought and

ability to make rational decisions is severely impaired.

17. "Enforcement of a conviction based on a plea of an incompetent person is a denial of due process." *Sena v. New Mexico State Prison*, 109 F.3d 652, 655 (10th Cir.1997). The standard for determining competency to enter a guilty plea is the same as that required to determine competence to stand trial. *Miles v. Dorsey*, 61 F.3d 1459, 1472 n. 12 (10th Cir.1995), *cert. denied*, 516 U.S. 1062 (1996). The standard for competence to stand trial is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense." *Id*. at 1472 (internal citations omitted). Moreover, solemn declarations in open court carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U. S. 63, 74 (1977). Responses in a plea hearing are subject to challenge, but they constitute a formidable barrier in any subsequent proceedings. *See Gorly v. Hargett*, 2002 U.S. App. LEXIS 10783, (June 6, 2002). A defendant's statements at a plea hearing should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth of these statements. *See Hedman v. United States*, 527 F. 2d 20, 22 (10th Cir. 1975).

18. "In a federal habeas proceeding stemming from a state court conviction, the burden is on the petitioner to prove, by a preponderance of the evidence, that he was incompetent in fact at the time of the plea." *Miles v. Dorsey*, 61 F.3d 1459, 1472 (10th Cir. 1995), *cert. denied*, 516 U.S. 1062 (1996)(quoting *Bouchillon v. Collins*, 907 F.2d 589, 592 (5th Cir. 1990)). As stated above, the only evidence before the state court at the time of the Mr. Leonard's plea

9

was a Stipulated Order for Treatment and Hospitalization. (Ex. C to Answer). The order stated that "the Defendant has undergone a forensic evaluation performed by Dr. Raiman Johnson who has determined that the Defendant is experiencing acute anxiety state, depressed suicidal ideation, possible assaultive tendencies, situational stress due to alcoholism and/or street drug use, mental confusion, and antisocial attitudes and is need for hospitalization." (Ex. C to Answer). After reviewing this order, I find there was insufficient evidence of the Petitioner's alleged incompetence at the time of his plea hearing. There is nothing in the doctor's recommendation that would indicate the Petitioner's ability to consult with his lawyer or his ability to understand the proceedings against him was compromised. Furthermore, the Tenth Circuit has stated that "the presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense." *See Miles*, 61 F.3d at 1472 (citing *Wolf v. United States,* 430 U.S. F.2d 473, 444 (10th Cir. 1970)).

19. In addition, the trial judge witnessed Mr. Leonard during his plea hearing and specifically noted that Leonard understood the charges, the range of sentencing, the fact he was giving up constitutional rights, and that his plea was made voluntarily without any confusion based on mental illness. (Ex. G to Answer). Furthermore, during the plea proceeding, the trial judge and Leonard had the following conversation:

THE COURT: Are you today under the influence of any narcotic drug, controlled substance, alcoholic beverage or any medication that might affect your competency?

THE DEFENDANT: No sir.

10

| | |
|---|---|
| THE COURT: | Are you presently being treated for any mental illness.? |
| THE DEFENDANT: | Yes sir. |
| THE COURT: | Does that treatment impair your ability to understand what you are doing, in making decisions for your future? |
| THE DEFENDANT: | No sir. |

. . . .

| | |
|---|---|
| THE COURT: | Do you understand the terms of this plea agreement? |
| THE DEFENDANT: | Yes sir, I do. |
| THE COURT: | And do you consent to the terms of this plea agreement? |
| THE DEFENDANT: | Yes sir, I do. |

(Tape No. 2271, CR 99-317, Change of Plea, July 11, 2000, 2 of 2).

## **RECOMMENDED DISPOSITION**

I recommend GRANTING the Motion to Dismiss, filed January 11, 2002 (*Doc. 8*); and DENYING the Petitioner's Motion for Reconsideration of Court's January 14, 2002 Order Denying Motion for Appointment of Counsel filed January 23, 2002 (*Doc. 13*); the Petitioner's Motion for an Evidentiary Hearing filed March 27, 2002 (*Doc. 17*); and the Petitioner's Second Motion for Appointment of Counsel filed March 28, 2002 (*Doc. 18*). Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A

party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**